**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD LEE LOFTON, | ) | CASE NO. CV 08-06526 JVS (RZ) |
| Petitioner, | ) | |
| | ) | ORDER ACCEPTING FINDINGS AND |
| vs. | ) | RECOMMENDATIONS OF UNITED |
| | ) | STATES MAGISTRATE JUDGE |
| PEOPLE OF CALIFORNIA, ET AL., | ) | |
| Respondents. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

In addition to the matters discussed in the Report, Petitioner asserted an instructional error claim, noted in the printed (as opposed to the hand-written) portion of the petition at page 6 ("Ground Three") and addressed in Petitioner's Objections beginning at page 20.  Specifically, Petitioner asserts that the trial court erred by instructing the jury with CALJIC No. 10.60 after reading CALJIC No. 2.27.  CALJIC 2.27 provides, as follows, the familiar rule that even one credible witness sometimes can suffice to prove key facts:

You should give the testimony of a single witness whatever weight you think it deserves.  Testimony concerning any fact by one witness, which you believe, is sufficient for the proof of that fact.  You should carefully review all the evidence upon which the proof of that fact depends.

*See* CT 161; RT 1222.  CALJIC 10.60 reminds jurors that, in sex-crime cases, "[i]t is not essential to a finding of guilt on a charge of rape that the testimony of the witness with whom sexual relations is alleged to have been committed be corroborated by other evidence."  *See* CT 177; RT 1235.

Petitioner's initial "explanation" of this claim made no mention of jury instructions at all and, thus, was entirely unhelpful.[1]  He clarifies this claim in his current Objections to the Report, explaining that "when these two instructions are given together, the two imply that a preferential credibility standard is to apply to the testimony of the complaining witness in a sex case . . . ."  Obj. at 20.

Even assuming, for the sake of discussion only, that Petitioner states a *federal* claim, as opposed to one challenging a discretionary application of wholly state-law-based evidentiary rules, the claim lacks merit.  This Court rejected a nearly identical claim in *Denard v. Director, Dept. Of Corrections*, 967 F. Supp. 387, 395-97 (C.D. Cal

---

[1]    In the "Supporting Facts" section for Ground Three in the Petition, Petitioner states as follows:

> [Petitioner] was charged and convicted of 3 counts of forcible rape.  This case presented a credibility contest between [Petitioner], who denied culpability and claimed consensual coitus against the rape charge, which was alleged in 1996.  Following the alleged incident, Jane gave the police a composite sketch but was unable to identify appellant in a 6 pack photo-lineup.  The corroborating ["]evidence" supporting Jane's claims consisted only of a "cold hit" [*i.e.*, a DNA match] in 2003.

He appears to include no other statements in support of Ground Three in the copious submissions included with the Petition.

1997).  Petitioner Deautri Denard asserted that reading CALJIC Nos. 10.60 and 2.27 to the jury violated his federal constitutional rights as Petitioner asserts here, by improperly implying that the alleged victim's testimony was to be given especial weight.  (The only difference is that Denard challenged each instruction independently.  Petitioner asserts that the violation occurred in reading *both* of them.)  The Court explained as follows that neither instruction misled the jury into giving undue weight, or improperly lessened scrutiny, to the testimony of a witness asserting that Denard had raped her:

**CALJIC 10.60:**

. . .

In *People of the Territory of Guam v. McGravey*, 14 F.3d 1344 (9th Cir. 1994), the Ninth Circuit considered a non-corroboration instruction similar to CALJIC 10.60. [Footnote omitted.]   After reviewing the non-corroboration instruction within the context of the other instructions given the jury, the Ninth Circuit determined that "the jurors were not misled into believing they were to attach any special weight to the testimony of the alleged victim. In fact, quite to the contrary, the judge gave numerous instructions which made it plain to the jury that it was to treat the testimony of the alleged victim no differently from the testimony of any other witness." *Id*. at 1346-47.

Here, the jury was advised that it was "the sole judge[] of the believability of a witness and the weight to be given the testimony of each witness," and the trial court enumerated the factors that the jury could consider in determining witness credibility. [Citations to trial record.] Furthermore, the jury was admonished that it was not "to decide an issue of fact in accordance with the testimony of a number of witnesses, which does not convince you, as against the testimony of a lesser number or other

evidence, which appeals to your mind with more convincing force."
[Citations.]  [T]he combined effect of these instructions was to make clear
that the testimony of each witness was to be judged by the same standard."
*McGravey,* 14 F.3d at 1347.

In addition, the jury was instructed that the prosecution must prove its
case beyond a reasonable doubt.  [Citations.]  As noted by the California
Supreme Court, instructing the jury about reasonable doubt "places a heavy
burden of persuasion on a complaining witness whose testimony is
uncorroborated. CALJIC 10.60 does not affect this instruction but, . . . when
all the instructions are given, 'a balance is struck which protects the rights of
both the defendant and the complaining witness.'"  *People v. Gammage*, 2
Cal.4th 693, 701, 7 Cal.Rptr.2d 541, 546, 828 P.2d 682 (1992) (citation
omitted).

. . .

**CALJIC 2.27:**

. . .

. . . It is readily apparent that CAIJIC 2.27 has no effect on the
prosecution's burden of proof; it merely instructs the jury that, under
California law, the uncorroborated testimony of a single witness, if believed,
can be sufficient to prove a fact.  The burden is still on the prosecution to
prove the petitioner's guilt beyond a reasonable doubt.  Thus, CALJIC 2.27
does not dilute the beyond a reasonable doubt standard but "merely suggests
careful review when a fact depends on the testimony of one witness."
*Gammage*, 2 Cal.4th at 701, 7 Cal.Rptr.2d at 546, 828 P.2d 682 . . . .

967 F. Supp. at 395-96.  *Denard* is persuasive guidance.  Petitioner's situation is not
distinguishable.  As in *Denard*, the jury's additional instructions included admonitions that

(1) jurors were the sole judges of witnesses' credibility, CT 156, RT 1219 (CALJIC No. 2.20); (2) several factors governed credibility determinations, CT 156, RT 1219-20 (another portion of CALJIC No. 2.20); (3) a greater number of witnesses or other evidence will not necessarily be more persuasive than a smaller number, CT 159, RT 1221 (CALJIC No. 2.22); and (4) a conviction required proof of guilt beyond reasonable doubt.  CT 167, RT 1227-28 (CALJIC No. 2.90); *see also* RT 1216-17, 1227, 1238.  Jurors also were instructed to consider the instructions as a whole.  CT 145; RT 1211-12 (CALJIC No. 1.01).  Petitioner's Claim 3 is unpersuasive on its merits.

With the foregoing amendment and addition to the Report, and the Court having considered *de novo* all aspects of the Report to which objections were made, the Court accepts the findings and recommendations of the Magistrate Judge.

DATED:  March 21, 2011

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE